## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE
*Plaintiff*

                                **CA. NO.: 1:21-cv-30-WES-LDA**

Vs.

JPMorgan Chase Bank, National
Association,
                                **JURY TRIAL REQUESTED**
&
DOES 1-10, inclusive
*Defendants*

### FIRST AMENDED COMPLAINT

Pursuant to the Court's Order on April 30, 2021, Plaintiff submits his First Amended Complaint.

### I.  INTRODUCTION

This is a civil action against a major national bank seeking remedy for violations under federal and state consumer protection statutes.  Plaintiff, a consumer, was harassed by a bank with robocalls for an account he never had.  Plaintiff is an identity theft victim and is regularly harassed by companies like JPMorgan Chase Bank, National Association ("Chase") who seek to profit from the misery of consumers who are trapped in the web of identity theft.  Plaintiff told Chase on the phone that they had the wrong number and Chase kept robodialing Plaintiff.  Plaintiff then sent Chase a certified letter telling Chase not to call Plaintiff because Chase had the wrong number.  Chase continued still to robodial Plaintiff over and over again with robocalls.  When Chase called, it would put Plaintiff on hold with prerecorded messages when he answered.  On several occasions, Plaintiff would answer the phone and there was no human on the other end of the call.  Chase would then hang up on Plaintiff.

1

Plaintiff doesn't owe Chase any money and he doesn't have any account or any business relationship with Chase whatsoever. Chase has a long history of harassing consumers with robocalls and has been involved in multiple class action suits in the last several years for similar behavior.

1.  The Plaintiff brings this action alleging the Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). The Plaintiff seeks statutory damages, and injunctive relief under the TCPA.

2.  The Plaintiff also alleges that Defendants' conduct while attempting to collect money constituted an unfair and/or deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

3.  The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief under the statute.

4.  Plaintiff has no pre-existing business relationship with Chase and never requested by an agreement or otherwise that he be contacted.

5.  Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6.  This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

7.  This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

8. This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims pursuant to RIGL § 9-30-1.

9. Venue in this County is proper pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5) because the Plaintiff is a resident of this County and the conduct complained of took place in this County.

### III. PARTIES

10. The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

11. Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

12. As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

13. In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became a participant in local trade or commerce.

14. The cellular telephone service that Plaintiff purchases is available to any Rhode Islander. This trade or commerce directly or indirectly affects the people of this state.

15. Plaintiff's cellular telephone has a limited minutes plan, so that when Chase calls Plaintiff, it depletes the minutes on Plaintiff's plan.

16. Chase is a national bank that is registered with the FDIC.

17. Chase is a "person" as the term is defined by 47 U.S.C. § 153(39).

18. Chase is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, and

RIGL § 9-1-28.1.

19. Chase may be served at its main address listed with the FDIC: 1111 Polaris Parkway, Columbus, OH 43240.

20. Does 1-10 (the "Agents") are individual employees and/or agents employed by Chase and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

21. Chase at all times acted by and through one or more of the Agents.

## IV. FACTUAL ALLEGATIONS

22. At all times relevant to this Complaint, Defendants were engaged in trade or commerce.

23. Plaintiff does not owe any Defendant any money.

24. Plaintiff does not have any account with Defendants.

25. Chase acted at all times mentioned herein through its employee(s).

26. In 2019, Plaintiff purchased a phone and prepaid phone service plan.

27. The cellular telephone service that Plaintiff purchases is available to any Rhode Islander.  This trade or commerce directly or indirectly affects the people of this state.

28. As part of the plan that Plaintiff purchased, there are a limited number of minutes available on the plan.

29. On July 21, 2020 at approximately 8:01 AM EST, Plaintiff received a call on his personal cellular telephone from the phone number (602) 221-3938.

30. When Plaintiff answered, he heard "dead air" for four seconds and then heard a click

before an operator joined the call.

31. The operator asked to speak with "Matthew Whitcomb."

32. Plaintiff told the operator, "you've got the wrong number."

33. The operator then said, "Oh, I'm sorry.  Now how about somebody named Mark Whitcomb?"

34. Plaintiff does not know anyone named "Matthew Whitcomb" or "Mark Whitcomb" or anyone with a name that sounds like Matthew Whitcomb or Mark Whitcomb.

35. Plaintiff then asked which company the operator was calling from.

36. The operator then informed Plaintiff that she was "calling from Chase Bank."

37. Despite Plaintiff telling Chase that they had the wrong number, Chase continued to call Plaintiff.

38. During several of the calls when Chase called Plaintiff, Plaintiff would answer the call and there would not be anyone on the other end of the line for 8 seconds or more until the operator joined the call.

39. During several of the calls when Chase called Plaintiff, Plaintiff would answer the call and there would be a prerecorded message playing and there was not a human on the other end of the call.

40. On July 23, 2020, Plaintiff sent a certified letter (return receipt requested) to JPMorgan Chase Bank, National Association at 1111 Polaris Parkway, Columbus, OH 43240.

41. In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing address.

42. In Plaintiff's letter, he stated, *"Dear Chase Bank,  Please don't call me or send me any text*

*messages. You have the wrong number."*

43. Chase employee "Katie Rowser" received and signed for Plaintiff's letter on August 4, 2020.

44. Despite several clear and unmistakable requests that Chase stop calling Plaintiff, Chase called Plaintiff over and over again.

45. On several days, Chase called Plaintiff three times per day and would hang up on Plaintiff each time.

46. Upon information and belief, this is part of a deliberate telemarketing strategy by Chase. Chase initiates these phone calls so that consumers will call Chase back and Chase then continues with telephone solicitations.

47. Even after Chase was served with this lawsuit, Plaintiff continues to receive phone calls and text message from Chase.

48. Upon information and belief, Defendants employ an automatic telephone dialing system because there was no human on the other end of the call. The further evidence of this system is that during some of the calls, Plaintiff heard an audible click followed by a pause and then an operator joined the call.

49. The further evidence of this automatic telephone dialing system is that Chase used prerecorded messages when Plaintiff answered the call. During those prerecorded messages, there was no human on the other end of the call.

50. Upon information and belief, Chase uses the phone number 602 221 3938 to contact consumers such as Plaintiff.

51. Upon information and belief, Chase uses the phone number 800 510 8106 to contact consumers such as Plaintiff.

52.     Upon information and belief, Chase uses the phone number 813 584 3694 to contact consumers such as Plaintiff.

53.     The numbers used by Defendants are known as a "long code," a standard 10-digit phone number that enabled Defendants to send place prerecorded calls en masse, while deceiving recipients into believing that the call was personalized and sent from a telephone number operated by a human being.

54.     Defendants' calling scheme as follows: Private companies known as Voice Message gateway providers have contractual arrangements with mobile carriers to transmit bulk voice messages.  These Voice Message gateway providers send and receive message traffic to and from the mobile phone networks' voice centers, which are responsible for relaying those messages to the intended mobile phone. This allows for the transmission of a large number of voice messages to and from a long code.

55.     Specifically, upon information and belief, Defendants utilize a combination of hardware and software systems to send the voice messages at issue in this case. The systems utilized by Defendants have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers from a list without human intervention.

56.     To send the voice messages, Defendants used a messaging platform (the "Platform") that permitted Defendants to transmit thousands of voice messages without any human involvement.

57.     The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendants.

58.     The Platform has the capacity to generate sequential numbers, which capacity was in

7

fact utilized by Defendants.

59. The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendants.

60. The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendants.

61. The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendants.

62. The Platform has the capacity to schedule the time and date for future transmission of voice messages, which occurs without any human involvement.

63. To transmit the messages at issue, the Platform automatically executed the following steps:

    a. The Platform retrieved each telephone number from a list of numbers in the sequential order the numbers were listed;

    b. The Platform then generated each number in the sequential order listed and combined each number with the content of Defendants' message to create "packets" consisting of one telephone number and the message content;

    c. Each packet was then transmitted in the sequential order listed to a voice message aggregator, which acts an intermediary between the Platform, mobile carriers (e.g. AT&T), and consumers.

    d. Upon receipt of each packet, the voice message aggregator transmitted each packet – automatically and with no human intervention – to the respective mobile carrier for the telephone number, again in the sequential order listed by Defendant. Each mobile carrier then sent the voice message to its

customer's mobile telephone.

64. The above execution of these instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of voice messages following the above steps in minutes, if not less.

65. Further, the Platform "throttles" the transmission of the voice messages depending on feedback it receives from the mobile carrier networks. In other words, the platform controls how quickly messages are transmitted depending on network congestion. The platform performs this throttling function automatically and does not allow a human to control the function.

66. The prerecorded messages to Plaintiff did not clearly state the business name (under which Defendants are registered to conduct business with the State Corporation Commission).

67. The prerecorded messages did not clearly state the telephone number of Defendants.

68. The prerecorded messages from Defendants did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

69. Plaintiff has no pre-existing business relationship with Chase and never requested by an agreement or otherwise that he be contacted on his personal cellular telephone.

70. Plaintiff never provided his cellular telephone number to Chase and never provided his consent to Chase to be contacted on his cellular telephone.

71. Plaintiff's phone number is part of the national Do Not Call registry.

72. Defendant employs an automatic telephone dialing system ("ATDS") as defined in

47 U.S.C. § 227(a)(1).

73.   Defendant used its ATDS to call Plaintiff on his cellular telephone.

74.   The telephone number that Defendant used to contact Plaintiff was and is assigned to Plaintiff's cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

75.   Chase's communications directly interfered with Plaintiff's right to peacefully enjoy phone service, and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

76.   Chase did not initiate any call to Plaintiff's cellular telephone number for an emergency purpose.

77.   The robocall nature of Chase's communication was abusive, and harassing to Plaintiff.

78.   Plaintiff incurred actual damages as a result of Defendants' behavior.

79.   The robocall nature of Chase's communications to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

80.   The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

81.   Defendant did not have the required prior express consent from Plaintiff to place automated calls using an ATDS or an artificial or prerecorded voice to Plaintiff on his cellular telephone.

82.   Defendants do not maintain a written policy for maintaining a do-not-call list.

83.   Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

84. Defendants do not provide the called party with a telephone number or address at which the person or entity may be contacted.

85. It is unfair for Chase to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Plaintiff listed his number on the Do Not Call Registry.

86. It is unfair for Chase to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Defendant lacked consent to call Plaintiff.

87. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

88. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

89. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

90. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

91. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

92. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

93. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

94. Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

95. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

### V.  STATUTORY STRUCTURE TELEPHONE CONSUMER PROTECTION ACT

96. In 1991, Congress enacted the TCPA in response to a growing number of consumer

complaints regarding certain telemarketing practices.

97. The TCPA regulates, *inter alia*, the use of automatic telephone dialing systems.

98. Under the TCPA, an "automatic telephone dialing system" ("ATDS") is: (1) an automatic dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent. See 47 U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

99. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

100. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

## VI.  STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

101. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  RIGL § 6-13.1-2.

102. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural

persons, corporations, and any other legal entity.  RIGL § 6-13.1-1 (3).

103.    Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce"

mean the sale or distribution of any services and any property, tangible or intangible,

real, personal, or mixed, and any other article, commodity, or thing of value

wherever situate, and include any trade or commerce directly or indirectly affecting

the people of Rhode Island.  RIGL § 6-13.1-1 (5).

104.    Under the Rhode Island Deceptive Trade Practices Act, unfair methods of

competition and unfair or deceptive acts or practices include (but are not limited to)

any one or more of the following:

    a.  Engaging in any other conduct that similarly creates a likelihood of confusion
       or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
    b.  Engaging in any act or practice that is unfair or deceptive to the consumer
       [RIGL § 6-13.1-1 (6) (xiii)].
    c.  Using any other methods, acts or practices which mislead or deceive members
       of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

105.    The Rhode Island Deceptive Trade Practices Act does not define consumer.  RIGL §

6-13.1-1.

106.    The remedies available under the Rhode Island Deceptive Trade Practices Act are

available to "any person" and are not limited to consumers.  RIGL § 6-13.1-5.2.

107.    The remedies available under the Rhode Island Deceptive Trade Practices Act are

available to "any person" and do not require a vendor-consumer relationship.  RIGL

§ 6-13.1-5.2.

108.    Under the Rhode Island Deceptive Trade Practices Act, any person who purchases

or leases goods or services primarily for personal, family, or household purposes and

thereby suffers any ascertainable loss of money or property, real or personal, as a

result of the use or employment by another person of a method, act, or practice

declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper.  RIGL § 6-13.1-5.2(a).

## VII.  STATUTORY STRUCTURE RIGHT TO PRIVACY

109.   Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

110.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

111.   Defendants' violations of the TCPA include, but are not limited to, the following:

    i.   Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

112.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

113.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

14

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

114. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

115. Defendants violated regulations of the TCPA including, but not limited to, the following:

   i. No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

   47 CFR § 64.1200(a)(1)(iii).

116. Defendants damaged Plaintiff by calling and texting his cellular phone and using the limited minutes plan and limited text messages plan in his cellular telephone plan that Plaintiff purchased.

117. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

118. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

119.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

120.   Defendants violated regulations of the TCPA including, but not limited to, the following:

i.   No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

121.   Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan and limited text messages plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

122.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

123.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

16

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)**

124. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

125. Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.    All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

        47 CFR § 64.1200(b)(1).

126. Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

127. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

128. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

17

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)**

129. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

130. Defendants violated regulations of the TCPA including, but not limited to, the following:

   i.   In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

   47 CFR § 64.1200(b)(3).

131. Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls or prerecorded messages to Plaintiff's cellular telephone.

132. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

133. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

**COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

134. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

135. Defendants violated regulations of the TCPA including, but not limited to, the following:

    i. No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

                                                    47 CFR § 64.1200(c)(2).

    ii. The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

                                                  47 CFR § 64.1200(e).

136. Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls or text messages to Plaintiff's cellular telephone.

137. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

138.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2)   Statutory Damages in the amount of $1,500 for each such violation
     pursuant to 47 U.S.C. § 227(b)(3);
3)   Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4)   Referral to the Rhode Island Attorney General for prosecution under 47
     U.S.C. § 227(g).
5)   Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)**

139.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

140.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.   Written policy.  Persons or entities making calls for telemarketing purposes
     must have a written policy, available upon demand, for maintaining a do-not-
     call list.

47 CFR § 64.1200(d)(1).

141.   Defendants do not maintain a do-not-call list because they claim they are legally

forbidden from removing phone numbers from their database.

142.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

143.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

## COUNT VIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)

144. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

145. Defendants violated regulations of the TCPA including, but not limited to, the following:

ii.   Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

47 CFR § 64.1200(d)(2).

146. Defendants do not maintain a do-not-call list because they claim they are legally forbidden from removing phone numbers from their database.

147. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

148. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);

2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT IX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)**

149. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

150. Defendants violated regulations of the TCPA including, but not limited to, the following:

iii. Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 CFR § 64.1200(d)(3).

151. Defendants refused to record or honor Plaintiff's repeated do not call requests.

152. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

153. Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

154. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

155. Defendants violated regulations of the TCPA including, but not limited to, the

following:

iv.   Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

156. Since Defendants did not identify the name of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

157. Since Defendants did not identify the name of the entity on whose behalf the call is

being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses

to determine who called Plaintiff's cellular telephone.

158. Since Defendants did not identify the telephone number of the caller, Defendants'

conduct damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

159.   Since Defendants did not identify the address of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

160.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

161.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)

162.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

163.   Defendants violated regulations of the TCPA including, but not limited to, the following:

v.   Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

24

47 CFR § 64.1200(d)(5).

164. Defendants did not apply Plaintiff's do not call requests to the particular business entity making the calls.

165. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

166. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)**

167. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

168. Defendants violated regulations of the TCPA including, but not limited to, the following:

vi. Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 CFR § 64.1200(d)(6).

169. Defendants did not maintain Plaintiff's do not call requests because Defendants

refuse to honor Plaintiff's requests.

170.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

171.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XIII – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)**

172.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

173.   Defendants' violations of the TCPA include, but are not limited to, the following:

i.   Placing more than one telephone call to Plaintiff's cellular phone without

consent in violation of the TCPA regulations.

174.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

175.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

176. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

177. Defendants violated regulations of the TCPA including, but not limited to, the following:

   i. No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

   47 CFR § 64.1200(a)(1)(iii).

178. Defendants damaged Plaintiff by calling and texting his cellular phone and using the limited minutes plan and limited text messages plan in his cellular telephone plan that Plaintiff purchased.

179. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

180. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
    5) Such other relief as the Court may deem just and appropriate.

### COUNT XV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

181. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

182. Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.    No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

                                                                47 CFR § 64.1200(a)(2).

183. Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan and limited text messages plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

184. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

185. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVI – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)

186.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

187.   Defendants violated regulations of the TCPA including, but not limited to, the following:

   i.   All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

   47 CFR § 64.1200(b)(1).

188.   Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

189.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

190.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XVII – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

191.  The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

192.  Defendants violated regulations of the TCPA including, but not limited to, the following:

i.  In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

47 CFR § 64.1200(b)(3).

193.  Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

194.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

195.  Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

30

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(a
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XVIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

196.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

197.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.   No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

47 CFR § 64.1200(c)(2).

ii.   The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

47 CFR § 64.1200(e).

198.   Since Defendants called Plaintiff's cellular telephone while his telephone was on the

National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing

him to incur expenses from further phone calls and text messages to Plaintiff's

cellular telephone.

199.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

31

200. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
   2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
   3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
   4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
   5) Such other relief as the Court may deem just and appropriate.

### COUNT XIX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(1)

201. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

202. Defendants violated regulations of the TCPA including, but not limited to, the following:

   vii. Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

   47 CFR § 64.1200(d)(1).

203. Defendants do not maintain a do-not-call list because they claim they are legally forbidden from removing phone numbers from their database.

204. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

205. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2)  Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
    3)  Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    4)  Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
    5)  Such other relief as the Court may deem just and appropriate.

**COUNT XX – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(2)**

206.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

207.    Defendants violated regulations of the TCPA including, but not limited to, the following:

    viii.    Training of personnel engaged in telemarketing.  Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

                  47 CFR § 64.1200(d)(2).

208.    Defendants do not maintain a do-not-call list because they claim they are legally forbidden from removing phone numbers from their database.

209.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

210.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2)  Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);

3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(3)**

211.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

212.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

ix.   Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 CFR § 64.1200(d)(3).

213.   Defendants refused to record or honor Plaintiff's repeated do not call requests.

214.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

215.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

34

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

### COUNT XXII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)

216. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

217. Defendants violated regulations of the TCPA including, but not limited to, the following:

x.   Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

218. Since Defendants did not identify the name of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

219. Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

220. Since Defendants did not identify the telephone number of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

221.   Since Defendants did not identify the address of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

222.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

223.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2)   Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3)   Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4)   Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5)   Such other relief as the Court may deem just and appropriate.

## COUNT XXIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(5)

224.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

225.   Defendants violated regulations of the TCPA including, but not limited to, the following:

xi.   Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

47 CFR § 64.1200(d)(5).

36

226. Defendants did not apply Plaintiff's do not call requests to the particular business entity making the calls.

227. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

228. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

**COUNT XXIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(6)**

229. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

230. Defendants violated regulations of the TCPA including, but not limited to, the following:

xii.   Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 CFR § 64.1200(d)(6).

231. Defendants did not maintain Plaintiff's do not call requests because Defendants refuse to honor Plaintiff's requests.

232.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

233.  Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
4) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
5) Such other relief as the Court may deem just and appropriate.

## COUNT XXV – RHODE ISLAND DTPA

234.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

235.  Defendants violated the restrictions the RI DTPA imposes on them prohibiting Defendants from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq.*

236.  Defendants engaged in false representation or deceptive means to obtain money from a consumer.

237.  By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes available in his plan.

238.  By using prerecorded messages that did not identify any legitimate business name,

Defendants caused Plaintiff confusion and frustration while he attempted to ascertain who was actually calling him.

239. Defendants actions were unfair to Plaintiff where Plaintiff went out of his way to register his cellular phone with the Do Not Call Registry to stop unwanted phone calls from Defendants.

240. Defendants' actions or transactions are not permitted by the Rhode Island Department of Business Regulation or other regulatory body or officer acting under statutory authority of this state or the United States.

241. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

242. Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

243. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Such other relief as the Court may deem just and appropriate.

## COUNT XXVI – RIGHT TO PRIVACY

244.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

245.  Defendants intruded upon the seclusion of Plaintiff.

246.  Defendants invaded Plaintiff's privacy by calling his private cellular phone.

247.  Defendants benefit from the violation of Plaintiff's privacy.

248.  Such conduct and actions of Defendants were willful and egregious.

249.  As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's Privacy;
4) Injunctive Relief to restrain and enjoin Defendant from violating Plaintiff's privacy;
5) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,
Christopher Laccinole


/s/ *Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

40

## CERTIFICATE OF SERVICE

The Plaintiff certifies that on May 14, 2021, he mailed this first amended complaint via certified mail, return receipt requested to Defense Counsel Michael Jusczyk at Seyfarth Shaw LLP, Two Seaport Lane, Suite 300, Boston, MA 02210.

The Plaintiff,
Christopher Laccinole, *pro se*


*/s/ Christopher M. Laccinole*
Christopher M. Laccinole